The Honorable Jamal N Whitehead

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Jenifer Eshom,

    Plaintiff,

v.

KING COUNTY, a Washington municipal corporation,

    Defendant.

No. 2:23-cv-00028-JNW

**FIRST AMENDED COMPLAINT**

# I. INTRODUCTION

1. Plaintiff Jenifer Eshom, a former detective with the King County Sheriff's Office ("KCSO"), brings this action to vindicate her federal and state constitutional, and statutory rights, which rights were violated by Defendant, causing Ms. Eshom significant and ongoing damages.

2. This action arises under the laws of the United States, specifically, 42 U.S.C. §§ 1983, 1988, 42 U.S.C. § 2000e, *et seq*., and the First and Fourteenth Amendments to the United States Constitution. This action also arises under the laws of the State of Washington, including RCW 49.60 *et seq.* (Washington Law Against Discrimination ("WLAD")).

# II. JURISDICTION AND VENUE

FIRST AMENDED COMPLAINT - 1

3. This Court has subject matter jurisdiction over this action pursuant to RCW 2.08.010. Venue is proper in this district pursuant to RCW 4.12.025(1) because the King County Sheriff's Office has its principal business in King County, and a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices and constitutional violations alleged herein, occurred in King County.

4. On or about April 18, 2022, Ms. Eshom filed a religious discrimination complaint with the Washington Human Rights Commission ("WHRC"). On May 9, 2022, Ms. Eshom was notified, that her discrimination claim had been rejected. Ms. Eshom timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging violations of Title VII of the Civil Rights Act 1964, 42 U.S.C. §§ 2000 *et seq*. Her State and federal claims arise out of the same facts alleged herein.

5. On or about August 24, 2022, Ms. Eshom received a Notice of Right to Sue Letter from the EEOC. This complaint has been filed within 90 days of Ms. Eshom's receipt of the EEOC Notice of Right to Sue.

6. On or about September 6, 2022, Ms. Eshom filed a tort claim with the King County Office of Risk Management Services.

7. More than 60 days have elapsed from the date of filing Ms. Eshom's tort claim.

8. Any and all prerequisites to the filing of this lawsuit have been met.

### III. PARTIES

9. Plaintiff Jenifer Eshom was a law enforcement agent for 16 years, twelve years with Seattle Police Department, and most recently, prior to her termination, four years serving as a Special Assault Detective within the KCSO's Major Investigations Unit.

10. King County Sheriff's Office is an agency of King County, with a principal place of business located at King County, Washington. KCSO has approximately 1,000 employees.

FIRST AMENDED COMPLAINT - 2

LAW OFFICE OF BRIAN FAHLING
8124 NE 166th St
Kenmore, WA 98028
T: (425) 802-7326
E: bfahling@fahlinglaw.com

## IV. STATEMENT OF FACTS

11. Ms. Eshom was employed by KCSO for four years. During those four years, Ms. Eshom served as an Academy Instructor, Community Officer, and Special Assault Detective within the Major Investigations Unit. She also received a Life Saving medal and many commendations from prosecutors and supervisors for her work with sexual assault and child abuse victims. Ms. Eshom has never received discipline or reprimands during her career in law enforcement.

12. Because of the nature of her duties, Ms. Eshom rarely worked out of the Criminal Investigation Department ("CID") office. She has been recognized as one of the most efficient detectives in the Special Assault Unit. Detectives like Ms. Eshom, who work in the Special Assault Unit ("SAU") work mostly alone. And when Ms. Eshom worked from home or her department vehicle, she was able to get more work done than by going into the office. Ms. Eshom worked alone ninety-five percent of the time.  For the remaining five percent of Ms. Eshom's work she could easily have been accommodated, whether she was excused from it, or required to social distance and mask up for tasks such as warrant service.

13. From the beginning of the pandemic, Ms. Eshom had been working within the protocols KCSO required of her. There were no complaints, or evidence that she was a threat to anyone in the public or at KCSO.

14. Ms. Eshom got Covid in December 2021, and she took even more precautions than those required by King County. Though King County did not require a negative Covid test to return to work (only a quarantine of 10 days and no symptoms), Ms. Eshom also followed the Center for Disease and Control ("CDC") Covid guidelines, staying home longer than the 10-day quarantine requirement to ensure she received negative test results before returning to work.

FIRST AMENDED COMPLAINT - 3

LAW OFFICE OF BRIAN FAHLING
8124 NE 166th St
Kenmore, WA 98028
T: (425) 802-7326
E: bfahling@fahlinglaw.com

15. On August 9, 2021, King County Executive Dow Constantine ("Executive Constantine") issued a vaccine mandate for executive branch employees, which includes KCSO employees. Employees were given a deadline of October 18, 2021 to be vaccinated.

16. Ms. Eshom knew her religious faith would prevent her from receiving any of the vaccines because she believes life begins at conception, a central tenant of her Christian faith and Shintoism. All of the vaccines available for King County employees were derived from the fetal cell tissue of aborted babies.

17. Ms. Eshom was born and raised with religious traditions from each of her parents' lineage: Shintoism and Christianity. She continues to practice both of her ancestral religions. Ms. Eshom raised her children to understand the moral code of each and follow their religious truths as descendants of their ancestors. They attend traditional celebrations of their ancestors (Bon Odori) and honor their ancestors through offerings and prayer to the kamidana in their home.

18. For Ms. Eshom, abiding by her religious beliefs also means safeguarding her physical body and mind from anything derived from that which is impure, which includes the Covid-19 vaccines.

19. On August 30, 2021, KCSO Sheriff Johanknecht sent a department-wide email explaining, "King County HR will be making all decisions about accommodations and exemptions. One committee will review medical accommodation requests and a second committee will review requests for religious exemption. Both committees will include subject matter experts."

20. On September 7, 2021, Ms. Eshom submitted her religious exemption request to KCSO HR manager Jess Klein.

21. In retaliation for her religious exemption request, on September 20, 2021, Ms. Eshom's immediate supervisor, Sgt. Brad Turi, emailed Ms. Eshom to notify her that he was taking away her "duty weekends". The weekends are prized by detectives because they offer

FIRST AMENDED COMPLAINT - 4

LAW OFFICE OF BRIAN FAHLING
8124 NE 166th St
Kenmore, WA 98028
T: (425) 802-7326
E: bfahling@fahlinglaw.com

the opportunity for significant earnings. Because of Sgt. Turi's decision to take away duty weekends from Ms. Eshom, she lost the opportunity to work 6-8 duty weekends.

22. On October 13, 2021, HR Manager Jessica Klein responded by email to Ms. Eshom's religious exemption request, stating, the County "will engage with you in an interactive process and conduct an individualized assessment to determine if the County can provide you with a reasonable accommodation that does not constitute an undue hardship or a direct threat to you or others." The email continued,

> In this interactive process, the County will consider the essential functions of your job and other issues such as the cost of the accommodation; whether the accommodation infringes on the job rights or benefits of other employees; whether the accommodation compromises workplace safety, decreases workplace efficiency, or requires other employees to do more than their share of potentially hazardous or burdensome work.
>
> In the context of the interactive process, King County will take into consideration the risk that unvaccinated employees present to the health and safety of all County employees and the public. The County may not be able to accommodate all requests.

23. On December 1, 2021, HR Manager Jessica Klein emailed Ms. Eshom, the email stated, in part, "*Employees determined to be exempt will be considered for a reasonable accommodation* (emphasis supplied), in accordance with law, on a case-by-case basis."

24. On December 10, 2021, Ms. Eshom contracted Covid. She followed all workplace protocols including mandatory notification to her HR department and Covid-19 Manager, Christy Hammond. Ms. Eshom took even more precautions than those required by King County. Though King County did not require a negative Covid test to return to work (only a quarantine of 10 days and no symptoms), Ms. Eshom also followed the Center for Disease Control ("CDC") Covid guidelines, staying home longer than the 10-day quarantine requirement to ensure she received negative test results before returning to work.

FIRST AMENDED COMPLAINT - 5

25. On January 4, 2022, Ms. Eshom was called at home by her sergeant and told to drive to Evergreen Hospital in Redmond to investigate the death of an infant. She spent several hours in the Emergency Department conducting interviews with ED staff and family members.

26. On January 14, 2022, because she had just recovered from Covid, Ms. Eshom obtained an antibody test to determine whether she had acquired immunity to the virus, the test results showed she had high antibodies (immunity) against Covid.

27. Because Ms. Eshom's antibody test revealed that she had strong immunity against Covid, on January 14, 2022, she submitted a medical exemption request to KCSO.

28. On January 20, 2022, a statement from Seattle-King County Public Health acknowledged that the vaccinated can still be infected with Covid (referred to as a "break-through infection"), declaring in an all-caps headline, "WHY SHOULD I GET A BOOSTER IF I MIGHT GET COVID ANYWAY?" The statement went on to explain that "while it's possible to get infected even if you've had a booster, booster shots are very effective where it matters most: they help prevent severe illness, the kind that fills up hospital beds and leads to death. *And that's why it's still important to get that booster*." (Emphasis supplied).

29. On January 26, 2022, Ms. Eshom was notified that she was denied an accommodation for her religious exemption request.

30. On February 16, 2022, Executive Constantine sent out a department-wide email stating, "COVID-19 cases are trending downwards, the risk of serious infection is falling, and we are beginning to emerge from the Omicron phase of the pandemic." Executive Constantine's message continued, "Starting March 1, employees must only wear a mask in indoor settings and enclosed spaces that are accessible to the public, *regardless of*

FIRST AMENDED COMPLAINT - 6

LAW OFFICE OF BRIAN FAHLING
8124 NE 166th St
Kenmore, WA 98028
T: (425) 802-7326
E: bfahling@fahlinglaw.com

*vaccination status.* This applies to all King County buildings, facilities, and structures that the public can enter, including public lobby and meeting spaces, public indoor recreation spaces, public service counters, and similar spaces open to the public. In areas that are not accessible to the public, employees who are fully vaccinated may remove their mask while indoors."

31. In a February 17 email, Interim Sheriff Cole-Tindall sent out a department-wide email saying,

> I acknowledge that our agency is still facing departures due to the vaccine mandate and others are leaving of their own volition for any number of reasons. We are facing over 100 vacancies currently with another 100 or so of non deployables. This number is staggering and will grow with many of our workforce being retirement age eligible. I anticipate it will take us years to fill the vacant positions.

In the email, the Interim Sheriff also noted that "Executive Constantine announced that he is removing restrictions on in-person work for remote workers and in-person meetings and events, effective March 1."

32. In a February 22, 2022 email, the Interim Sheriff stated that the KCSO is in a "post-pandemic" transition.

33. In a March 10, 2022 email, KCSO employees were informed that masks were no longer required in King County buildings.

34. On March 10, 2022, Ms. Eshom received notice from KCSO that her medical accommodation request was denied.

35. Ms. Eshom's direct supervisors (Sergeants Brad Turi and Jason Escobar) were never consulted about Ms. Eshom's job duties/requirements regarding possible accommodations to her exemption requests.

FIRST AMENDED COMPLAINT - 7

LAW OFFICE OF BRIAN FAHLING
8124 NE 166th St
Kenmore, WA 98028
T: (425) 802-7326
E: bfahling@fahlinglaw.com

36. On March 14, 2022, Ms. Eshom was put on paid administrative leave, and told that she could not enter a King County building.

37. In a March 15, 2022 email to various KCSO representatives, Ms. Eshom's Guild representative, Mike C. Mansanrez, wrote the following, "[t]he Guild is requesting at the behalf of Jennifer Eshom, that this Loudermill be held in person liked [*sic*] asked for previously. The mask mandate has been lifted and employees are required back to work. I would like the reasoning behind why this can't be held in person. The state is open. An employee should have the right to face her employer." Mr. Mansanrez's efforts were rebuffed, and no reasons for denying the in-person hearing were given.

38. On March 16, 2022, Ms. Eshom was subpoenaed to testify in a child molestation trial at the King County Courthouse in Seattle. This order conflicted with the previous order to her not to enter any King County buildings. Ms. Eshom advised the King County Prosecuting Attorney's Office that she was currently on administrative leave and had been ordered to stay out of King County buildings. Deputy prosecuting attorney Diana Chen emailed Ms. Eshom's HR manager about the conflicting orders. Ms. Klein responded "the courts are not governed by the Executive's mandate and have their own rules regarding masking, *etc.*…." Ms. Eshom was allowed to testify.

39. On March 23, 2022, Ms. Eshom had her Loudermill hearing via Microsoft Teams video, her request for an in-person hearing was denied even though the mask mandate had been lifted and employees were required to return to work.

40. On March 30, 2022, Ms. Eshom was notified her accommodation requests were denied.

41. Ms. Eshom was terminated ("involuntary separation") by KCSO on April 1, 2022 because KCSO refused her religious and medical exemption and accommodation requests.

FIRST AMENDED COMPLAINT - 8

LAW OFFICE OF BRIAN FAHLING
8124 NE 166th St
Kenmore, WA 98028
T: (425) 802-7326
E: bfahling@fahlinglaw.com

42. In its May 9, 2022 notification to Ms. Eshom that her discrimination claim had been denied, the Washington Human Rights Commission ("WHRC") justified its response by stating, "everyone who requested a religious accommodation and remained unvaccinated was terminated, irrespective of their race, gender, national origin, or creed."

43. As of May 12, 2022, 103 KCSO employees sought a religious exemption and accommodation, and 22 KCSO employees requested medical exemptions and accommodation. Of the 103 religious exemption/accommodation requests, all exemptions were granted, but only one accommodation was made, 70 employees acquiesced and got vaccinated (three retired or resigned rather than get vaccinated), and 54 employees were denied accommodation and were terminated (the one employee, a temporary employee, was given an accommodation to work remotely).

44. The accommodation rate by KCSO for all exemption requests was .008 percent, and the accommodation rate for religious exemptions was .009 percent.

45. KCSO's granting of all religious exemption requests, but also denying all but one accommodation request, was a thinly-veiled effort to conceal KCSO's hostility toward religion.

**COUNT I**
**WASHINGTON LAW AGAINST DISCRIMINATION**
**RCW 49.60 *et seq.***

46. Ms. Eshom hereby repeats and realleges each and every above-made allegation as if fully set forth herein.

47. By January 20, 2022, Seattle-King County Public Health and KCSO knew that the vaccinated can still be infected with Covid.

48. Vaccination could no longer be lawfully be mandated by King County to prevent infection for the protection of others (because the vaccines/boosters clearly did not prevent infection), but instead, the new reason offered for the mandate to be vaccinated was

FIRST AMENDED COMPLAINT - 9

that "booster shots are very effective where it matters most: they help prevent severe illness, the kind that fills up hospital beds and leads to death. *And that's why it's still important to get that booster.*" (Emphasis supplied). In other words, vaccines don't protect others, so get a booster to keep you from possibly getting very sick.

49. By February 16, 2022, KCSO knew COVID-19 cases were trending downwards, that the risk of serious infection was falling, and that the County was beginning to emerge from the Omicron phase of the pandemic.

50. By the third week of February 2022, KCSO was in a post-pandemic transition.

51. Restrictions on in-person work for remote workers and in-person meetings and events, were removed, effective March 1, 2022.

52. As of March 10, 2022, masks were no longer required in King County buildings.

53. Ms. Eshom worked alone approximately ninety-five percent of the time.

54. Ms. Eshom continued to work for KCSO after the October 18, 2021 deadline for vaccination, including on January 4, 2022, when she investigated the death of an infant at Evergreen Hospital in Redmond. She spent several hours in the Emergency Department conducting interviews with ED staff and family members.

55. KCSO and the victims of crime benefited from Ms. Eshom's important work as she continued to perform her duties for KCSO until March 14, 2022, when she was placed on administrative leave and told she could not enter any King County buildings.

56. Though she had been told she could not enter King County buildings, only two days later, Ms. Eshom was subpoenaed to testify in a child molestation trial at the King County Courthouse in Seattle. Because the courts are not governed by the Executive's

FIRST AMENDED COMPLAINT - 10

LAW OFFICE OF BRIAN FAHLING
8124 NE 166th St
Kenmore, WA 98028
T: (425) 802-7326
E: bfahling@fahlinglaw.com

mandate and have their own rules, Ms. Eshom was allowed to testify, which she did without infecting anyone or threatening anyone's safety.

57. Before March 14, 2022, including during the height of the pandemic, Ms. Eshom safely and ably performed her job by following mandatory protocols; in effect, KCSO had been accommodating her all along, as it had with other employees who continued to work through the pandemic. KCSO did not then claim it was an undue hardship to accommodate her. Nevertheless, after KCSO learned that vaccination and boosters did not stop transmission of Covid (the very predicate for the vaccine mandate), it denied her religious accommodation request.

58. It would not have created an undue hardship for KCSO to accommodate Ms. Eshom who had been successfully performing all aspects of her job while working under KCSO's protocols/accommodations.

59. KCSO denied 102 of 103 religious accommodation requests, reflecting hostility toward Ms. Eshom's religious faith, and the religious faith of many others.

60. A substantial factor in KCSO's decision to deny religious accommodations and terminate Ms. Eshom was hostility toward religious faith.

WHEREFORE, Plaintiff prays for damages against Defendant as provided for by law.

## COUNT II
## VIOLATION OF TITLE VII, 42 U.S.C. § 2000e, *et seq.*

61. Ms. Eshom hereby repeats and realleges each and every above-made allegation as if fully set forth herein.

FIRST AMENDED COMPLAINT - 11

LAW OFFICE OF BRIAN FAHLING
8124 NE 166th St
Kenmore, WA 98028
T: (425) 802-7326
E: bfahling@fahlinglaw.com

62. Title VII of the Civil Rights Act of 1964 prohibits KCSO from discriminating against its employees on the basis of their sincerely held religious beliefs. *See* 42 U.S.C. §2000e-2(a).

63. Ms. Eshom holds sincere religious beliefs that precluded her from receiving any of the COVID-19 vaccines available during the times relevant to this complaint.

64. Ms. Eshom notified KCSO of those beliefs by requesting a religious exemption and reasonable accommodations from the vaccine mandate.

65. Accommodating Ms. Eshom's religious beliefs would not have resulted in an undue hardship on KCSO's operations, as was clearly established from the more than two years she worked for KCSO through the pandemic.

66. KCSO's discriminatory actions were intentional and/or reckless and in violation of Title VII.

WHEREFORE, Plaintiff prays for damages against Defendant as provided for by law.

## COUNT III
## 42 U.S.C., SECTION 1983
### (First Amendment-Free Exercise of Religion)

67. Plaintiff hereby repeats and realleges each and every above-made allegation as if fully set forth herein.

68. All of the acts of Defendant, its officers, agents, servants, and employees, as alleged herein, were conducted by the Defendant under color and pretense of the statutes, regulations, customs, policies and/or usages of the State of Washington and King County Sheriff's Office.

69. Defendant granted just .009 percent of religious accommodation requests.

70. KCSO's denial of 99.001 percent of all religious accommodation requests reveals hostility toward religion and exposes as pretext its granting of 103 religious exemption requests.

FIRST AMENDED COMPLAINT - 12

71. Defendant denied Ms. Eshom's religious accommodation request and terminated her for following her religious convictions in refusing a COVID-19 vaccine.

72. The actions of Defendant, as alleged herein, are unconstitutional abridgements of Ms. Eshom's rights to the free exercise of religion secured by the First and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for damages against Defendant as provided for by law.

## COUNT IV
## 42 U.S.C., SECTION 1983
## FOURTEENTH AMENDMENT-DUE PROCESS (As Applied)

73. Plaintiff hereby repeats and realleges each and every above-made allegation as if fully set forth herein.

74. All of the acts of Defendant, its officers, agents, servants, and employees, as alleged herein, were conducted by the Defendants under color and pretense of the statutes, regulations, customs, policies and/or usages of the State of Washington and King County Sheriff's Office.

75. Defendants' policies, as administratively construed and applied against Ms. Eshom, granted KCSO officials unfettered discretion to disregard the process they created for determining whether a religious accommodation would be granted and, therefore, abridged Ms. Eshom's right to due process as guaranteed by the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiff prays for damages against Defendant as provided for by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court:

    a. Assume jurisdiction over this action;

    b. Award damages in an amount to be determined at trial plus pre and post-judgment interest, to compensate Plaintiff for all monetary and/or economic damages,

FIRST AMENDED COMPLAINT - 13

including but not limited to, the loss of past and future income, wages, compensation, relocation expenses, job security and other benefits of employment;

   c. Award punitive damages, as provided for under 42 U.S.C. § 1983, Title VII, RCW 49.60 *et seq.*, and as otherwise provide for under federal and state law;

   d. Award damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus pre and post-judgment interest;

   e. Award an offset for the adverse federal income tax consequences resulting from damages and award of attorneys' fees;

   f. Award costs that Plaintiff has incurred in this action, including but not limited to expert witness fees, as well as reasonable attorneys' fees and costs to the fullest extent permitted by federal and state law; and

   g. Award such other and further relief as the Court may deem just and proper.

DATED this 18th day of May, 2023.

**LAW OFFICE OF BRIAN FAHLING**

By: /s Brian Fahling
   Brian Fahling  WSBA #18894

*Attorneys for Plaintiff*

FIRST AMENDED COMPLAINT - 14

LAW OFFICE OF BRIAN FAHLING
8124 NE 166th St
Kenmore, WA 98028
T: (425) 802-7326
E: bfahling@fahlinglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of May 2023, I electronically filed the forgoing FIRST AMENDED COMPLAINT, with the Clerk of Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.

By:  /s/ Brian Fahling
     Brian Fahling

FIRST AMENDED COMPLAINT - 15

LAW OFFICE OF BRIAN FAHLING
8124 NE 166th St
Kenmore, WA 98028
T: (425) 802-7326
E: bfahling@fahlinglaw.com