THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENIFER ESHOM,<br><br>Plaintiffs,<br><br>v.<br>KING COUNTY,<br><br>Defendant. | CASE NO. 2:23-cv-00028-JNW<br><br>**AGREEMENT REGARDING THE DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ~~[PROPOSED]~~ ORDER** |

The parties hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter and in the Related Case (*i.e.*, *Eshom v. King County*, 2:24-cv-00007-JNW):

**A. General Principles**

1. An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2. As provided in LCR 26(f), the proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the

application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible. This agreement is intended to assist the parties in identifying relevant, responsive information that has been stored electronically and is proportional to the needs of the case. The agreement does not supplant the parties' obligations to comply with Fed. R. Civ. P. 34.

**B. ESI Disclosures**

Within 30 days of entry of this Order, or at a later time if agreed to by the parties, each party shall disclose:

1. Custodians. The custodians most likely to have discoverable ESI in their possession, custody, or control. The custodians shall be identified by name, title, connection to the instant litigation, and the type of the information under the custodian's control. The parties are expected to meet and confer to establish the appropriate number of custodians to be disclosed based on the complexity, proportionality and nature of the case. Disputes should promptly be submitted to the Court for resolution. This disclosure provision is distinct from the parties' agreement set forth in Section C below about determining the number of custodians from whom ESI should be gathered.

2. Non-custodial Data Sources. A list of non-custodial data sources (*e.g.*, shared drives, servers), if any, likely to contain discoverable ESI.

3. Third-Party Data Sources. A list of third-party data sources, if any, likely to contain discoverable ESI (*e.g.*, third-party email providers, mobile device providers, cloud storage) and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

4.      Inaccessible Data. A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B). Section (D)(3) below sets forth data sources and ESI which are not required to be preserved by the parties. Those data sources and ESI do not need to be included on this list.

**C.      ESI Discovery Procedures**

1.      On-site inspection of electronic media. Such an inspection shall not be required absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

2.      RFP Deadline. Recognizing the expense and burdens associated with the collection, review, and production of ESI, the parties shall confer and agree upon a deadline by which all requests for production seeking ESI, whether in this case or the Related Case, must be served. No party shall be obligated to collect, review, or produce ESI prior to that deadline, and the parties are encouraged to set that deadline no later than 50 days from the date of entry of this Order.

3.      Search methodology. The parties shall timely confer to attempt to reach agreement on appropriate search terms and queries, file type and date restrictions, data sources (including custodians), and other appropriate computer- or technology-aided methodologies, before any such effort is undertaken. The parties shall continue to cooperate in revising the appropriateness of the search methodology.

Prior to running searches:

a.      The producing party shall disclose the data sources (including custodians), search terms and queries, any file type and date restrictions, and any other

methodology that it proposes to use to locate ESI likely to contain responsive and discoverable information. The producing party may provide unique hit counts for each search query.

b. After disclosure, the parties will engage in a meet and confer process regarding additional terms sought by the non-producing party.

c. The following provisions apply to search terms / queries of the requesting party. Focused terms and queries should be employed; broad terms or queries, such as product and company names, generally should be avoided. A conjunctive combination of multiple words or phrases (*e.g.*, “computer” and “system”) narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, “computer” or “system”) broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. The producing party may identify each search term or query returning overbroad results demonstrating the overbroad results and a counter proposal correcting the overbroad search or query.

4. Format. Documents produced in these proceedings, whether originally stored in paper or electronic form, shall be produced electronically in the forms described below.

a. All electronically stored documents or information must be produced as single-page, Bates-enumerated, TIFF images. All image file types commonly used (e.g., JPG, JPEG, PNG, RAW, GIF, BMP, etc.) shall be produced in color.

b. Files not easily converted to image format, such as spreadsheets, audio/video files, InfoPath documents, schedules, and drawing files, shall be produced in native format, with an accompanying, Bates-labeled, slip sheet image (“Placeholder”). Each file produced in native format shall be named using the beginning Bates identifier as the file name.

      c. All non-native (i.e., imaged) files shall be produced with searchable text. TIFF or JPG image productions should be produced as individual multi-page text files, one per record, with extracted text accompanying the production. Searchable text should not be integrated into any DAT load file.

d. An OPTICON (.OPT) load file shall be produced.

e. Each document image file shall be named with a unique number (Bates Number). File names should not be more than twenty characters long or contain spaces. When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI, *i.e.*, the original formatting, the metadata (as noted below) and, where applicable, the revision history.

f. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

5. De-duplication. The parties may de-duplicate their ESI production across custodial and non-custodial data sources after disclosure to the requesting party so long as the duplicate custodian information removed during the de-duplication process is tracked in a duplicate/other custodian field in the database load file. De-duplication will be based on the MD5 or SHA-1 Hash values of native versions of documents. Only entire families that are exact duplicates will be subjected to deduplication (i.e. if two exact duplicates are attached to two non-duplicate parent emails, both families will be produced).

6. Email Threading. The parties may use analytic technology to identify email threads and need only produce the most inclusive unique thread, together with related family members. Lesser inclusive threads may be withheld, however, upon reasonable request, the producing party will produce a less inclusive copy.

7. Metadata Fields. The parties agree that, to the extent these fields are reasonably available, and are not privileged or protected by the attorney work-product doctrine, the following metadata fields will accompany all ESI productions, in delimited load files (DAT). The parties further agree to produce DAT files using the following delimiters:

a) Column Delimiter: ASCII Code 020 ¶

b) Quote: ASCII Code 254 þ

c) New Line: ASCII Code 174 ®

d) Multi-value delimiter: ASCII Code 059 ;

8. The parties understand that metadata fields differ between processing platforms and that certain processing platforms cannot provide the exact fields identified below. The parties will use their best efforts to provide all metadata identified in the metadata fields listed below. Date and time metadata shall be provided in UTC, in a consistent, reasonable, and clearly delimited format, for example, M/d/y H:m. To the extent time zone information is included to provide additional context, it shall be provided in a separate load file metadata field.

*Production Tracking*

| METADATA FIELD | DESCRIPTION |
|---|---|
| BEG BATES | First Bates identifier of an item, based on page level numbering |
| END BATES | Last Bates identifier of an item, based on page level numbering |
| BEGATTACH | First Bates identifier of an attachment, based on page level numbering |
| ENDATTACH | Last Bates identifier of an attachment, based on page level numbering |
| PAGE COUNT | Number of Bates-stamped pages for each document |
| MD5 HASH or SHA-1 HASH | MD5 Hash or SHA-1 Hash value of document |
| CUSTODIAN | Name of person from whom documents were collected |
| ALL CUSTODIANS | For deduplicated documents, list of all custodians from which duplicate copy was collected |
| NATIVE PATH | Native path for Placeholder files (see paragraph 3.b., above) |
| EXTRACTED TEXT | Relative path for OCR text files |

*Email Metadata Fields*

| METADATA FIELD | DESCRIPTION |
|---|---|
| FROM | Email sender |
| TO | Email recipient |
| CC | Additional recipients of email (Carbon Copy) |
| BCC | Additional blind recipients of email (Blind Carbon Copy) |
| EMAIL SUBJECT | Email subject line |
| DATE and TIME SENT | Date and time email sent |
| DATE and TIME RECEIVED | Date and time email received |
| EMAIL CONVERSATION INDEX | Conversation index identification |

*File Metadata Fields*

| METADATA FIELD | DESCRIPTION |
|---|---|
| FILE NAME | Original filename of native document |
| FILE EXTENSION | Suffix at the end of the filename indicating file type |
| FILE SIZE | File size in bytes |
| DATE and TIME CREATED | Date and time document created |
| DATE and TIME LAST MODIFIED | Date and time date last modified |
| DOCUMENT TITLE | Document title information |
| AUTHOR | Creator of document |
| FILEPATH | Original file path or folder structure or source system or email hierarchy structure |
| FILE TYPE | File type of document |
| REDACTED | If this document has redactions (values: Y or N) |

The required metadata may be changed by agreement of the parties, particularly in light of advances and changes in technology, vendor, and business practices.

**D. Preservation of ESI**

The parties acknowledge they have a common law obligation, as expressed in Fed. R. Civ. P. 37(e), to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody, or control. Specifically, with respect to preservation of ESI, the parties agree as follows:

1. Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody, or control.

2. The parties will supplement their disclosures in accordance with Fed. R. Civ. P. 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under Sections (D)(3) or (E)(1)-(2)).

3. Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

   a. Deleted, slack, fragmented, or other data only accessible by forensics.

   b. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

   c. On-line access data such as temporary internet files, history, cache, cookies, and the like.

   d. Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).

   e. Back-up data that are duplicative of data that are more accessible elsewhere.

   f. Server, system or network logs.

   g. Data remaining from systems no longer in use that is unintelligible on the systems in use.

   h. Electronic data (e.g., email, calendars, contact data, and notes) sent to or from mobile devices (e.g., iPhone, iPad, Android devices), provided that a copy of all such electronic data is automatically saved in real time elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

**E.     Privilege**

1. A producing party shall create a privilege log of all documents fully withheld from production on the basis of a privilege or protection, unless otherwise agreed or excepted by this Agreement and Order. Privilege logs shall include a unique identification number for each document and the basis for the claim (attorney-client privileged or work-product protection). For ESI, the privilege log may be generated using available metadata, including author/recipient or to/from/cc/bcc names; the subject matter or title; and date created. Should the available metadata provide insufficient information for the purpose of evaluating the privilege claim asserted, the producing party shall include such additional information as required by the Federal Rules of Civil Procedure. Privilege logs will be produced to all other parties no later than 30 days before the deadline for filing motions related to discovery unless an earlier deadline is agreed to by the parties.

2. Redactions need not be logged so long as the basis for the redaction is clear on the redacted document.

3. With respect to privileged or work-product information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

4. Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

5. Pursuant to Fed. R. Evid. 502(d), the production of any documents or electronically stored information (ESI), whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection

recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party.

DATED this 21st day of February, 2024.

PACIFICA LAW GROUP LLP

By *s/ Zachary J. Pekelis*
Zachary J. Pekelis, WSBA #44557

*s/ Jacob A. Zuniga*
Jacob Z. Zuniga, WSBA #48458

1191 Second Avenue, Suite 2000
Seattle, Washington 98101
Telephone: (206) 245-1700
Zach.Pekelis@pacificalawgroup.com
Jacob.Zuniga@pacificalawgroup.com

*Attorneys for Defendant King County*

LAW OFFICE OF BRIAN FAHLING

By *s/Brian Fahling*
Brian Fahling, WSBA #18894

559 Old Mill Road
Sandpoint, Idaho 83864
Telephone: (425) 802-7326
bfahling@fahlinglaw.com

*Attorney for Plaintiff*

**ORDER**

Based on the foregoing stipulation, IT IS SO ORDERED.

DATED this 24th day of May 2024.

Jamal N. Whitehead
United States District Judge

AGREEMENT REGARDING THE DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ~~[PROPOSED]~~ ORDER
(Case No. 2:23-cv-00028-JNW)
PAGE - 11